UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JANE DOE,

    Plaintiff,

  v.

LONESTAR IT SOLUTIONS, LLC;
and TRANSUNION RENTAL
SCREENING SOLUTIONS, INC.,

    Defendants.

Case No. 6:23-cv-575-RBD-RMN

## ORDER

This cause is before the Court on Plaintiff's Renewed Motion for Leave to Proceed under a Pseudonym (Dkt. 28), filed May 10, 2023, Plaintiff's supporting declaration (Dkt. 29), and a related state court order (Dkt. 29-1).[1]

## Background

Plaintiff's rental application was denied after the prospective landlord used a commercial service to perform a criminal background check. Dkt. 1, ¶¶ 6, 49–56. The providers of that service, Defendants Lonestar IT Solutions, LLC, and Transunion Rental Screening Solutions, Inc., inaccurately reported

---

[1] Plaintiff did not include the certification of good faith conferral as required by Local Rule 3.01(g). For this Motion only the Court excuses this oversight because the undersigned directed counsel to renew the motion at a hearing held on May 2, 2023. Dkt. 22. All future motions must include the required certification.

that Plaintiff had been convicted of battery, possession of cocaine, and the use and possession of drug paraphernalia. *Id.*, ¶¶ 3, 56. Plaintiff was arrested, but obtained an order sealing the criminal records associated with the arrest once the state charges were resolved. *Id.* ¶¶ 57–58. Plaintiff sued Defendants under the Fair Credit Reporting Act for damages she incurred because of the inaccurate background check. *Id.* ¶¶ 91–98.

Plaintiff now moves to proceed under a pseudonym, because if she is identified in this matter, she will forfeit the benefit she received by the state court order sealing her criminal proceedings. Dkt. 28 at 5–6.

## Legal Standards and Analysis

All judicial proceedings are presumptively open to the public and subject to the public's right to access judicial records. *See, e.g., Richmond Newspapers, Inc. v. Virginia,* 448 U.S. 555, 580 (1980). One aspect of this openness is the requirement found in Federal Rule of Civil Procedure 10(a) that parties in a lawsuit identify themselves in their pleadings. *See Doe v. Frank,* 951 F.2d 320, 322–23 (11th Cir. 2011). But Rule 10(a)'s requirement is not absolute.

"A party may proceed anonymously in a civil suit in federal court by showing that he 'has a substantial privacy right which outweighs the customary and constitutionally-embedded presumption of openness in judicial proceedings.'" *Plaintiff B. v. Francis,* 631 F.3d 1310, 1315–16 (11th

Cir. 2016) (quoting *Frank*, 951 F.2d at 323 (additional quotations and citation omitted)). A litigant may proceed anonymously in cases that involve "matters of a highly sensitive and personal nature, real danger of physical harm, or where the injury litigated against would be incurred as a result of the disclosure of the [party's] identity." *Frank*, 951 F.2d at 324. The Eleventh Circuit has identified six non-exclusive factors for courts to consider when deciding whether a party should be permitted to proceed anonymously, whether:

(1) the case involves a challenge to government or private activity;

(2) the party will be required to disclose information of the utmost intimacy;

(3) the party would be threatened by violence or physical harm if they proceeded in their real name;

(4) the party will be compelled to admit their intention to engage in illegal conduct and thus risk criminal prosecution;

(5) the party is a minor; and

(6) proceeding anonymously would pose a unique threat of fundamental unfairness to the defendant.

*Francis*, 631 F.3d at 1316 (cleaned up). Guided by these factors, courts consider the totality of the circumstances when deciding whether to grant a motion to proceed by pseudonym. *In re Chiquita Brands Int'l Inc.*, 965 F.3d 1238, 1247 n.5 (11th Cir. 2020).

The harm in this case is like the harm described by the second *Francis* factor. While Plaintiff was arrested, she was not adjudicated guilty of a crime and obtained an order sealing her criminal proceedings, as authorized by state law. That law aims to give arrestees like Plaintiff "a second chance." *State v. D.H.W.*, 686 So. 2d 1331, 1336 (Fla. 1996). And it does this by allowing Plaintiff to replace historical fact—that she was arrested and was the defendant in a state criminal proceeding—with a legal fiction—the right to "lawfully deny or fail to acknowledge" an arrest. Fla. Stat. § 943.059(6)(b).

If she prosecuted this case in her own name, then the benefit Plaintiff has been given by the state of Florida would be forfeited. Plaintiff is placed in the same predicament as a litigant who must expose intimate facts: unless she uses a pseudonym, she will be exposing her private (here, legally privileged) information to the public. Given these circumstances, as well as the lack of prejudice to Defendants, the Court finds that Plaintiff has established her interests outweigh the presumption of openness in judicial proceedings.[2]

---

[2] This order allows Plaintiff to proceed using a pseudonym at this stage of the case. It does not prevent a defendant, or the Court on its own, from moving to preclude the use of pseudonyms later in the litigation. *See Doe v. Neverson*, 820 F. App'x 984, 987 (11th Cir. 2020) (noting "that the analysis of whether a plaintiff may proceed anonymously may change at different stages of the litigation").

## Conclusion

Accordingly, it is **ORDERED**:

1. Plaintiff's Renewed Motion (Dkt. 28) is **GRANTED**; and

2. Until further order of the Court, all documents, filings, and other materials associated with this matter that refer to Plaintiff by name must refer to her only as "Jane Doe."

**DONE** and **ORDERED** in Orlando, Florida, on May 17, 2023.

ROBERT M. NORWAY
United States Magistrate Judge

Copies furnished to:

Counsel of Record